IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL SYBRANDY, | : | No. 3:26cv639 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| JENNIFER POLEMITIS, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Paul Sybrandy ("Sybrandy"), an inmate housed at the Lackawanna County Prison, in Scranton, Pennsylvania ("LCP"), commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The named defendant is Prison Rape Elimination Act ("PREA") Coordinator Jennifer Polemitis. (Id. at 2).

The complaint is presently before the court for preliminary screening. For the reasons set forth below, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.    Allegations of the Complaint

Sybrandy alleges that in December of 2025, he was assaulted by another inmate at LCP. (Doc. 1, at 5). Sybrandy reported the assault to a correctional

officer, he was examined in the medical department, and he provided a statement about the assault.  (Id.).

The following day or two, Sybrandy alleges that defendant Polemitis interviewed him and explained that he could file a PREA complaint "without worry or threat of retaliation."  (Id. at 6).  Sybrandy alleges that defendant Polemitis failed to conduct a satisfactory investigation into the incident pursuant to the PREA. (Id.).  He asserts that defendant Polemitis did not take "nearly enough [notes] for the investigative process."  (Id.).

Sybrandy alleges that in the following weeks, he was threatened because he filed a "false PREA claim."  (Id. at 6-7).  Due to these alleged threats, Sybrandy requested, and was placed, in the "special handling" unit.  (Id. at 7).

Since these events, Sybrandy alleges that all of his grievances have been deemed "ungrievable" by defendant Polemitis.  (Id.).

For relief, Sybrandy seeks monetary compensation in the amount of $500,000,000.00.  (Id. at 3).

## II.  **Legal Standard**

The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

2

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012) (per curiam); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

In deciding a Rule 12(b)(6) motion to dismiss, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d

Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Second, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Finally, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

III.    **Discussion**

A.    Prison Rape Elimination Act

Sybrandy appears to assert a claim against defendant Polemitis based on his alleged dissatisfaction with her handling of his PREA complaint.  (Doc. 1, at 6-7).  Sybrandy seemingly alleges that through her actions, defendant Polemitis failed to comply with the PREA.  However, the PREA does not provide a private right of action.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-85 (2002);

4

Washington v. Folino, 2013 WL 998013, at *4 (W.D. Pa. Feb. 29, 2013) (holding that violations of the Prison Rape Elimination Act do not create a private cause of action); see also Henry v. CO#2 Gilara, 2017 WL 3424863, at *3 (W.D. Pa. Aug. 9, 2017); Njos v. United States, 2016 WL 1720816 (M.D. Pa. Apr. 29, 2016). Thus, Sybrandy cannot "bring a private action to enforce obligations set forth in the PREA, whether through the statute itself or through [an] attempt to enforce the [LCP] PREA policy via section 1983." Bowens v. Emps. of the Dep't of Corr., No. 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), aff'd, Bowens v. Wetzel, 674 F. App'x 133, 137 (3d Cir. 2017). Moreover, with respect to Sybrandy's challenge to the quality of the investigation into his PREA complaint, he has no freestanding right to such an investigation. See Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003) (stating that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."). Accordingly, any claims premised upon violations of the PREA must be dismissed as a matter of law.

B.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens

5

context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Sybrandy identifies defendant Polemitis as "the person who handles all grievances[.]" (Doc. 1, at 7). He expresses dissatisfaction with defendant Polemitis' responses to his grievances. (Id.). Defendant Polemitis' alleged

6

review and denial of Sybrandy's grievances is insufficient to establish personal involvement for a Section 1983 claim. This allegation fails to establish that defendant Polemitis was personally involved in the purported unconstitutional conduct. Accordingly, the court must dismiss this claim against defendant Polemitis for lack of personal involvement.

## IV.    Leave To Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Sybrandy's claims against defendant Polemitis are factually and legally flawed and thus incurable. Therefore, the court concludes that curative amendment would be a futile endeavor.

## V.    Conclusion

Consistent with the foregoing, the court will dismiss the complaint for failure to state a claim in accordance with 28 U.S.C. § 1915A(b)(1).

An appropriate order follows.

Date: March __16__, 2026

JUDGE JULIA K. MUNLEY
United States District Court